## PATRICK GRIFFIN

### v.

## JOHN KAERICHER.

*Master and Servant—Wages—Contract—Instructions.*

This court reverses a judgment for the plaintiff in an action to recover wages, because of the failure of the court below to give an instruction touching the question whether the contract was for a definite time.

[Opinion filed September 21, 1888.]

APPEAL from the County Court of Moultrie County; the Hon. H. M. MINER, Judge, presiding.

Messrs. COCHRAN & HARBAUGH, for appellant.

Mr. FRANK SPITLER, for appellee.

CONGER, J.    This was a suit by appellee against appellant to recover for wages, which resulted in a judgment in favor of appellee for $18.77.   The disputed question was as to the length of time appellee was to labor for appellant.

Appellant claimed that the contract was for a definite time at the rate of $18 per month, while appellee insisted that the contract could be terminated at any time if either of the par-

ties was dissatisfied. This was the vital question in the case, and evidence was offered upon it by both parties.

The court was requested by appellant to give to the jury the following instruction, viz.:

"If the jury believe from the evidence that the plaintiff made a contract to work for the defendant until defendant's harvesting was done, at an agreed price per month, and if the jury believe from the evidence that before the end of the term so agreed upon the plaintiff left the employ of the defendant, then the burden of proof is upon the plaintiff to show by a preponderance of the evidence that he left with the defendant's consent or was discharged by him, or that the plaintiff had just and reasonable grounds for leaving when he did."

The court refused this instruction as well as all others asked for by the appellant. It is insisted by appellee that the jury believed the evidence offered by himself, and therefore the refusal of the instruction could have worked no injury to appellant. We can not assume such to be the fact.

The jury being uninstructed upon the question, may not have known that it was important to determine whether the contract was to labor for a definite time or not. There was evidence tending to sustain appellant's theory of the case, and the instruction should have been given.

The judgment of the County Court will be reversed and the cause remanded.

*Reversed and remanded.*